1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

13  JOHNNY OWENS,                          ) Case No.: 8:23-cv-00155-MCS-DFM
14                                         )
15              Plaintiff,                 ) **ORDER FOR PROTECTIVE ORDER**
                                           ) **REGARDING CONFIDENTIAL**
16  vs.                                    ) **INFORMATION**
                                           )
17  COUNTY OF ORANGE, DON                  ) *[Stipulation for Protective Order filed*
    BARNES, UNKNOWN NAMED                  ) *concurrently herewith]*
18  ORANGE COUNTY JAIL (OCJ)               )
19  AGENT #1, UNKNOWN NAMED                )
    OCJ AGENT #2, and LIEUTENANT           )
20  OLUKOJU,                               )
21                                         )
                                           ) **Mater For Determination Before The**
22              Defendants.                ) **Honorable Magistrate Judge Douglas F.**
23                                         ) **McCormick**

24
25
26
27
28

# ORDER

The Court, having considered the Parties' Stipulation for Protective Order, and GOOD CAUSE appearing, the Stipulation is hereby GRANTED. A Protective Order is hereby issued as follows:

1. <u>Confidential Material</u>: The Protective Order shall apply to materials designated by either party as confidential due to privilege, privacy, or pending or potential criminal investigations or proceedings. All such material shall be designated by the party producing it as "**Confidential Material Subject to Protective Order. USDC Case No. 8:23-cv-00155-MCS-DFM**," (hereinafter referred to as "the Confidential Material"). The use of any watermark or other means for designating documents as confidential shall not disrupt, distract, overlay, or obstruct the text of the document.

2. <u>Storage Of Confidential Material</u>: Immediately upon production by the Disclosing Parties, the Receiving Parties shall personally secure and maintain the Confidential Material in their possession. **The Confidential Material shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as other inmates, patients, roommates, or unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.**

3. <u>Limitation Of Use Of Confidential Material</u>: Confidential Material shall be used solely in connection with the preparation and trial of the within case, USDC Case No. 8:23-cv-00155-MCS-DFM, or any related appellate proceeding, and not for any other purpose, including any other litigation. **Receiving Parties shall not cause or knowingly permit disclosure of the contents of the Confidential Material, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of the Protective Order.** Any such disclosure shall be construed as a violation of the Protective Order.

4. <u>Inadvertent Disclosure</u>:  If the Disclosing Parties inadvertently produce any Confidential Material without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Material with a proper legend.  In that event, the parties receiving the inadvertently produced undesignated Confidential Material will: (1) return the previously produced Confidential Material and destroy all copies thereof; and (2) if the Parties have already disseminated the Confidential Material to any person, the Parties will notify all such persons in writing of the need to return such Confidential Material and not to further disseminate it.

5. <u>Limitations On The Non-Litigation Use Of Confidential Material</u>:  The secrecy and confidentiality of the Confidential Material exchanged during discovery in this action shall be maintained, and all Confidential Material exchanged will be used solely for the litigation of this entitled action.  **No Confidential Material or copies thereof, nor any transcript, quotation, paraphrase, summary, or other description containing Confidential Material shall be reproduced, disseminated, or disclosed to any person or used for any purpose except in accordance with this Protective Order or by further Order of the Court. Specifically, the Receiving Parties may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, in unrelated litigation, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Parties are prohibited from placing any of the Confidential Material on the internet.**

6. <u>Court Filings</u>:  If Receiving Parties deem it necessary to file or submit Confidential Materials to the Court in the course of litigation, prior to such disclosure, the Receiving Party must first meet and confer with attorneys for Disclosing Party no later than three (3) business days prior to the date Receiving Party intends to file a document containing or referring to Confidential Materials. The parties must discuss the scope and nature of the Confidential Materials sought

to be filed or submitted to the Court, including whether the Confidential Materials must be submitted/filed with the Court under seal or may be submitted/filed after redacting sensitive and/or identifying information.

7. <u>Other Persons Authorized To Review Confidential Material</u>: The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Material covered by this Protective Order. Also, Defendants, including officers, directors, employees, and experts thereof, may be permitted to review the Confidential Material. Additionally, expert witnesses and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Material covered by this Protective Order, provided such authorized persons have first executed the written statement set forth in Paragraph 8 below, and comply with the provisions of that section. Plaintiff may be permitted to see originals and obtain copies of the Confidential Material covered by this Stipulation and Protective Order, provided that he has first executed the written statement set forth in paragraph 8 below, and complies with the provisions of that section.

8. <u>Applicability Of Protective Order To Other Persons</u>: Prior to the disclosure of any Confidential Material to any authorized person described in Paragraph 7, the Receiving Parties who seek to use or disclose such Confidential Material shall first provide any such authorized person with a copy of the Protective Order, and shall cause him or her to execute the following acknowledgment which will be kept by Receiving Party:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in this action, *Johnny Owens, v. County of Orange, et al.*, USDC Case No. 8:23-cv-00155-MCS-DFM, and hereby agree to comply with and be bound by the terms and conditions of the said Order

with respect to the handling, use and disclosure of and Confidential Material. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____    _____/s/_____."

This written requirement applies to, but is not limited to, expert witnesses and other individuals and entities that may be employed or retained by the Receiving Parties to assist in the preparation and/or the litigation of this action. The Receiving Parties shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal. Any deposition transcript containing Confidential Material, testimony referring to Confidential Material, or referencing Exhibits containing Confidential Material shall include a copy of the Protective Order and be designated as Confidential Material subject to the terms of the Protective Order.

9. <u>No Waiver Of Objections</u>: Nothing in this Protective Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. The parties' Stipulation for Protective Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Protective Order. Nor does any Party waive any privileges, including, but not limited to, the right to privacy, the investigatory files or official information privileges, Evidence Code §§ 1040, 1043, *et seq.*, Penal Code §§ 832.5, 832.7, 832.8, and Government Code §§ 3300, *et seq.*, by entering into the Stipulation for Protective Order.

10. <u>Subpoena For Confidential Material</u>: In the event that the Receiving Parties receive a subpoena, discovery request, or other legal process seeking production of Confidential Material, the Receiving Parties must give prompt written

notice to the Disclosing Parties.  The Receiving Parties shall inform the person or entity seeking the information of the existence of the Protective Order and shall not produce the Confidential Material absent a Court Order requiring such production.

11. <u>Objections To Designation Of Confidential Materials</u>:  If a Receiving Party wishes to challenge the designation of any items as Confidential Material, it must follow the procedures set forth in this section.  The Receiving Party challenging the designation of any items as Confidential Material bears the burden of establishing that the challenged items should not be designated Confidential Material and subject to the Protective Order.

The Receiving Party must first provide the Disclosing Party with a list of each challenged item and a written statement of the bases for each challenge.  Within seven (7) days of service the Receiving Party's list and written statement of the bases for the challenge, the Disclosing Party may serve a written response and identify the material Disclosing Party agrees to de-designate as Confidential Material.  As to each challenged item the Disclosing Party agrees should not be designated as Confidential Material, Disclosing Party shall serve a non-designated copy of the item at the same time as the service of the written response.

As to each challenged item to which the parties do not agree in their initial written exchanges, the counsel for Receiving Party may, no later than fourteen (14) days after the service of the Disclosing Party's written response (or the last date such a response was due), file a regularly noticed motion requesting de-designation of the Confidential Material at issue, subject to the terms above.  As to each challenged item that the Court orders de-designated as Confidential Material, Disclosing Party shall serve a copy of the item without the designation of it as Confidential Material no later than seven (7) days after the order is entered.

The Parties must treat all items as Confidential Material until such time as the Court's Order de-designating items as Confidential Material is entered.

12. <u>Modification</u>:  For good cause, any party may seek a modification of

the Protective Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

13. <u>Return Of Confidential Material</u>:  No more than thirty (30) calendar days after the conclusion of this case the Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Material shall return all originals, copies of the Confidential Material, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of the Protective Order, to the Disclosing Parties care of:

**<u>For Defendants:</u>**

Christina M. Sprenger, Esq.
Egle Donatz, Esq.
LAWRENCE BEACH ALLEN & CHOI, PC
959 South Coast Drive, Suite 260
Costa Mesa, California 92626

**<u>Plaintiff in Pro Se</u>:**

Johnny Owens
Patient No. 3216-9
Coalinga State Hospital
P.O. Box 5003
Coalinga, California 93210-5003

Alternatively, the Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Material may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, the Receiving Parties shall send a signed declaration stating that such material has been destroyed pursuant to the Protective Order.

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any

1 | objection to or request for reconsideration of such a judgment or dismissal has
2 | expired; (iii) all available appeals have concluded or the time for such appeals has
3 | expired; and (iv) any post appeal proceedings have themselves concluded.

4     14.   <u>Survivability Of Order</u>: The Protective Order shall survive the
5 | termination of this action, and the Court shall retain jurisdiction to enforce it.

6     IT IS SO ORDERED.

8 | Date: February 20, 2024     _____
9                             Honorable Douglas F. McCormick
                              United States Magistrate District Judge